

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# USA v. Llano

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Llano" (2005). *2005 Decisions.* Paper 1044.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1044

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3745

UNITED STATES OF AMERICA

v.

FRANCISCO LLANO,
a/k/a Chluo,
a/k/a Chullo,

Francisco Llano,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00187-11)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2005

Before: AMBRO, STAPLETON and ALARCÓN*, Circuit Judges

(Opinion filed June 8, 2005)

OPINION

_____

    * Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Because we write solely for the benefit of the parties, we do not recount the facts giving rise to this appeal. Appellant Francisco Llano's sole challenge is to the District Court's assigning Criminal History Category III to Llano's past convictions for purposes of determining Llano's sentence under the United States Sentencing Guidelines ("Guidelines").[1]

Specifically, the probation officer who drafted Llano's pre-sentence report determined that Llano had two applicable convictions, each of which resulted in one criminal history point under the Guidelines. Because Llano was on probation for the first conviction when he was convicted of the offense giving rise to this appeal, he was assessed two additional criminal history points, bringing his total number of points to four and, therefore, placing him in Criminal History Category III.

According to the pre-sentence report, Llano's second conviction resulted from a charge of obstruction of government administration under New York law, resulting in a sentence of time served. In his objections to his pre-sentence report, Llano asserted that he was "unable to confirm a conviction for 'obstruction of governmental administration.'" This objection notwithstanding, Llano offered no evidence that the information in the pre-

---

[1]Llano does not argue that his challenge to his sentence should be determined by the District Court in the first instance in light of *United States v. Booker*, 125 S.Ct. 738 (2005).

sentence report was incorrect and merely took the position that he could not recall whether he had been so convicted. The District Court then assigned Criminal History Category III to Llano.

As the Supreme Court stated, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Further, we recently held that a "District Court's determination regarding the facts of [a defendant's] prior convictions did not violate the Sixth Amendment, notwithstanding that the sentences were based, in part, on facts found by a judge rather than a jury." *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005). We also indicated that "nothing" in *United States v. Booker*, 125 S.Ct. 738 (2005), "holds otherwise." *Ordaz*, 398 F.3d at 241.

Llano attempts to sidestep this line of cases by arguing that the District Court's failure to exclude the obstruction conviction violated his due process rights under the Fifth Amendment, contending that due process requires a "higher standard of proof at a sentencing proceeding" than that employed by the District Court. This argument, however, is unpersuasive because the precedents involved deal not only with the Sixth Amendment's right to a jury trial, but as well with due process rights under the Fifth Amendment. *See, e.g., Apprendi*, 530 U.S. at 471 (explaining that the "Due Process Clause of the United States Constitution requires that the finding of bias upon which his

3

hate crime sentence was based must be proved to a jury beyond a reasonable doubt").

Accordingly, we affirm the judgment of the District Court.